1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Cindy Chan (SBN 247495)
    cchan@blakelylawgroup.com
3   BLAKELY LAW GROUP
    915 North Citrus Avenue
4   Los Angeles, California 90038
    Telephone: (323) 464-7400
5   Facsimile: (323) 464-7410

6   *Attorneys for Plaintiffs Coach Inc.,*
    *Coach Services, Inc., and Chrome Hearts, LLC*
7

                                FILED

                      10 OCT 22  PM 2: 33

                   CLERK U.S. DISTRICT COURT
                   CENTRAL DIST. OF CALIF.
                        LOS ANGELES

                   BY:_____

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                                    CV10  7984   PA PJWx

11  COACH, INC., a Maryland Corporation;   ) CASE NO.
    COACH SERVICES, INC., a Maryland       )
12  Corporation; CHROME HEARTS, LLC,       ) **COMPLAINT FOR DAMAGES:**
    a Delaware Limited Liability Company,  )
13                                         ) **1. FEDERAL TRADEMARK**
                          Plaintiffs,      )    **INFRINGEMENT;**
14                                         )
          vs.                              ) **2. FALSE DESIGNATIONS OF**
15                                         )    **ORIGIN AND FALSE**
    JAY-Y ENTERPRISE CO., INC., a          )    **ADVERTISING;**
16  California Corporation; JAMES CHEN,    )
    an individual; and DOES 1-10, inclusive, ) **3. FEDERAL TRADEMARK**
17                                         )    **DILUTION;**
                          Defendants.      )
18                                         ) **4. TRADEMARK DILUTION**
                                           )    **UNDER CALIFORNIA LAW;**
19                                         )
                                           ) **5. COPYRIGHT INFRINGEMENT;**
20                                         )
                                           ) **6. COMMON LAW UNFAIR**
21                                         )    **COMPETITION;**
                                           )
22                                         )
                                           )    **JURY TRIAL DEMANDED**
23                                         )
                                           )
24                                         )

25      Plaintiffs Coach, Inc., Coach Services, Inc., and Chrome Hearts, LLC

26  (collectively "**Plaintiffs**") for their claims against Defendants Jay-Y Enterprises Co.,

27  Inc. and James Chen (collectively "**Defendants**") respectfully allege as follows:

28  / / /

1

## JURISDICTION AND VENUE

2      1.      Plaintiffs file this action against Defendants for copyright infringement

3   under 17 U.S.C. § 101, et seq., as well as trademark and trade dress infringement,

4   trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq.

5   (the "Lanham Act"), and related claims of unfair competition and trademark dilution

6   under the statutory and common law of the state of California.  This Court has subject

7   matter jurisdiction over the Federal trademark counterfeiting and infringement and

8   trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

9      2.      This Court has subject matter jurisdiction over the remaining claims

10   pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the

11   same set of facts as Plaintiffs' trademark infringement claims.

12      3.      This action arises out of wrongful acts, including advertising, offering for

13   sale, selling, and distributing products by Defendants within this judicial district.

14   Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims

15   asserted arise in this judicial district.

16

## THE PARTIES

17      4.      Plaintiff Coach, Inc. is a corporation duly organized and existing under

18   the laws of the state of Maryland, with its principal place of business in New York,

19   New York.  Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc.,

20   is a corporation duly organized and existing under the laws of the state of Maryland

21   with its principal place of business in Jacksonville, Florida.  Plaintiffs Coach, Inc. and

22   Coach Services, Inc. will hereinafter be collectively referred to as "**Coach**."

23      5.      Plaintiff Chrome Hearts, LLC is a limited liability company organized

24   and existing under the laws of the state of Delaware, with an office and principal place

25   of business at 915 North Mansfield, Los Angeles, California 90038.

26      6.      Upon information and belief, Defendant Jay-Y Enterprises Co., Inc. is a

27   corporation duly organized and existing under the laws of the state of California with

28

1   an office and principal place of business at 632 New York Drive, Pomona, California

2   91678.

3          7.      Upon information and belief, Defendant James Chen is an individual

4   residing in and/or conducting business in this judicial district.

5          8.      Plaintiffs are unaware of the names and true capacities of Defendants,

6   whether individual, corporate and/or partnership entities, named herein as DOES 1

7   through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will

8   seek leave to amend this complaint when their true names and capacities are

9   ascertained.  Plaintiffs are informed and believe and based thereon allege that said

10  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the

11  wrongs alleged herein, and that at all times referenced each was the agent and servant

12  of the other Defendants and was acting within the course and scope of said agency and

13  employment.

14         9.      Plaintiffs are informed and believe, and based thereon allege, that at all

15  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

16  reasonably should have known of the acts and behavior alleged herein and the damages

17  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

18  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a

19  non-delegable duty to prevent or cause such acts and the behavior described herein,

20  which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to

21  perform.

22  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

23  **A.     COACH's Family of Trademarks, Logos, and Designs**

24         10.     Coach was founded more than sixty years ago as a family-run workshop

25  in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and

26  sale of fine leather and mixed material products including handbags, wallets,

27  accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its

28

1   own specialty retail stores, department stores, catalogs and via an Internet website

2   www.coach.com throughout the United States.

3       11.   Coach is the worldwide owner of the trademark "COACH" and various

4   composite trademarks and assorted design components ("**Coach Marks**").

5       12.   Amongst the many Coach Marks, one of the most well-known and

6   recognized marks is Coach's Signature "C" Mark (see below). Coach has used the

7   Signature "C" Mark in association with the sale of goods since as early as 2001. The

8   Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on

9   September 24, 2002. Registrations for the Signature "C" Mark include, but are not

10  limited to, U.S. Reg. Nos. 2,832,589; 3,695,290; and 2,534,429.

11

12  

13

14      13.   The Coach Marks, and especially the Signature "C" Mark, are highly

15  recognized by the public and serve to identify the source of the goods as Coach.

16      14.   Coach has long been manufacturing and selling in interstate commerce

17  high quality leather and mixed material products under the Signature "C" Mark. These

18  registrations are valid and subsisting and are incontestable. Through longstanding use,

19  advertising, and registration, the Signature "C" Mark has achieved a high degree of

20  consumer recognition and constitute famous marks.

21      15.   Coach has achieved sales volumes of over three billion dollars annually

22  and has spent over a hundred million dollars in advertising, promoting, and marketing

23  goods bearing the Coach Marks, including the Signature "C" Mark. As such, the

24  Signature "C" Mark and the goodwill associated therewith are valuable assets of

25  Coach.

26      16.   Due to Coach and its predecessors' long use, extensive sales, and

27  significant advertising and promotional activities, the Signature "C" Mark has

28  achieved widespread acceptance and recognition among the consuming public and

1  trade throughout the United States.  The arbitrary and distinctive Coach Marks identify

2  Coach as the source/origin of the goods on which it appears.

3      **B.      Chrome Hearts Brand and its Famous CH Plus Mark**

4      17.    Plaintiff Chrome Hearts, LLC ("**Chrome Hearts**") has been designing,

5  manufacturing, and selling artistically styled leather goods, apparel, jewelry, and

6  accessories since 1999.

7      18.    Their products and/or packaging all prominently bear the trademark

8  CHROME HEARTS.

9      19.    Chrome Hearts sells a wide variety of quality artistic products, including

10  leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces,

11  bracelets, rings and wallet chains, belt buckles and a wide collection of other products,

12  including its recent line of custom, one-of-a-kind furniture.

13      20.    Chrome Hearts pioneered the idea of combining the look of rugged

14  motorcycle looking apparel with fashion attire to make fashion apparel and

15  accessories.  All of Chrome Hearts' leather products are adorned with sterling silver

16  hardware, including all of the buttons and ornamental pieces.  Chrome Hearts further

17  pioneered the look of suede inlay designs in connection with leather clothing.  Once

18  thought of as only a look for outlaw motorcyclists, Chrome Hearts has created a

19  fashion niche that is now coveted in the upper most fashion circles.

20      21.    Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N'

21  Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy

22  Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts'

23  fashions.  Chrome Hearts products are sold in the exclusive CHROME HEARTS

24  stores throughout the world and in select specialty stores, such as Browns of London

25  and the United Arrows and Intellectual Galleries boutiques in Japan.

26      22.    In 1993, the Council of Fashion Designers of America ("CFDA")

27  presented Plaintiff Chrome Hearts with an unsolicited award as designer of the year for

28  its innovated accessories and jewelry designs.

23.   All Chrome Hearts products are handmade in Los Angeles by Chrome Hearts' craftsmen.   The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

24.   Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France.  These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

25.   Since 1991, Chrome Hearts' products have generated sales at retail of over Three Hundred Fifty Million Dollars ($350,000,000).

26.   Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").

27.   Amongst the Chrome Hearts Marks, the CH Plus Mark (which include but are not limited to U.S. Trademark Reg. Nos. 3,731,400; 3,365,408; 3,385,449; and 3,388,911) is one of the most well recognized and serve as instant source identifier for Chrome Hearts' products.

28.   The CH Plus Mark is also registered with the U.S. Copyright Office (U.S. Copyright Reg. No. VA 705-233).

29.   Many of Chrome Hearts' products, including its eyewear, prominently display the CH Plus Mark.

30.   The CH Plus Mark has come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

**C.   Defendants' Infringing Conduct**

31.   In or around September 2010, Plaintiffs' investigators purchased sunglasses bearing marks substantially indistinguishable and/or confusingly similar to

1    Coach's Signature "C" Mark as well as Chrome Hearts' CH Plus Mark (collectively

2    "**Plaintiffs' Respective Marks**") from Jay-Y Enterprises Co. Inc.

3         32.      Upon information and belief, Defendant James Chen, as President of Jay-

4    Y Enterprises Co., Inc., is the active, moving, and conscious forces behind the alleged

5    infringing activities of Jay-Y Enterprises Co., Inc.

6         33.      Defendants are not authorized by Plaintiffs to manufacture, distribute,

7    advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally

8    registered trademarks and copyrights.

9                     **<u>FIRST CLAIM FOR RELIEF</u>**

10          **(Federal Trademark Infringement – 15 U.S.C. § 1114)**

11         34.      Plaintiffs incorporate herein by reference the averments of the preceding

12    paragraphs as though fully set forth herein.

13         35.      Plaintiffs' Respective Marks are nationally recognized, including within

14    this judicial district, as being affixed to goods and merchandise of the highest quality

15    and coming from Plaintiffs.

16         36.      The registrations embodying Plaintiffs' Respective Marks are in full force

17    and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell

18    merchandise with these marks.

19         37.      Defendants' unauthorized use of Plaintiffs' Respective Marks on inferior

20    quality merchandise in interstate commerce and advertising relating to same

21    constitutes false designation of origin and a false representation that the goods and

22    services are manufactured, offered, sponsored, authorized, licensed by or otherwise

23    connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of

24    the same quality as that assured by Plaintiffs' Respective Marks.

25         38.      Defendants' use of Plaintiffs' Respective Marks is without Plaintiffs'

26    permission or authority and is in total disregard of Plaintiffs' rights to control their

27    trademarks.

28

**COMPLAINT FOR DAMAGES**

39.   Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

40.   Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

41.   As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

42.   Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

43.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))

44.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

1   45.   Plaintiffs' Respective Marks are nonfunctional and their inherently

2   distinctive quality has achieved a high degree of consumer recognition and serves to

3   identify Plaintiffs as the source of high-quality goods.

4   46.   Defendants' promotion, advertising, distribution, sale, and/or offering for

5   sale of infringing Coach and Chrome Hearts branded products is likely to confuse,

6   mislead, or deceive consumers, the public, and the trade as to the origin, source,

7   sponsorship, or affiliation of said products, and is intended, and is likely to cause such

8   parties to believe in error that the Defendants' counterfeit products have been

9   authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or that Defendants

10   are in some way affiliated with Plaintiffs.

11   47.   Defendants' use of Plaintiffs' Respective Marks is without Plaintiffs'

12   permission or authority and is in total disregard of Plaintiffs' rights to control their

13   trademarks.

14   48.   Defendants' acts have damaged and will continue to damage Plaintiffs,

15   and Plaintiffs have no adequate remedy at law.

16   49.   In light of the foregoing, Plaintiffs are entitled to injunctive relief

17   prohibiting Defendants from using Plaintiffs' Respective Marks, or any marks

18   confusingly similar thereto, and to recover all damages, including attorneys' fees, that

19   Plaintiffs have sustained and will sustain, and all gains, profits and advantages

20   obtained by Defendants as a result of their infringing acts alleged above in an amount

21   not yet known, as well as the costs of this action.

22   **THIRD CLAIM FOR RELIEF**

23   **(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

24   50.   Plaintiffs incorporate herein by reference the averments of the preceding

25   paragraphs as though fully set forth herein.

26   51.   Plaintiffs' Respective Marks are strong and distinctive marks that have

27   been in use for many years and have achieved enormous and widespread public

28   recognition, and are thus "famous" within the meaning of the Lanham Act.

1    52.    Defendants have used in commerce in connection with the sale of them
2    products counterfeit reproductions of Plaintiffs' Respective Marks, which is likely to
3    cause, and most likely has caused, confusion or mistake as to the affiliation,
4    connection, or association between Defendants and Plaintiffs, or as to the origin,
5    sponsorship, or approval of said counterfeit goods by Plaintiffs.
6    53.    Defendants' acts described above have diluted and continue to dilute the
7    unique and distinctive Signature "C" Mark and CH Plus Mark.  These acts violate the
8    Lanham Act, have injured and, unless immediately restrained, will continue to injure
9    Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well
10   as irreparable injury to the goodwill and reputation associated with Plaintiffs'
11   Respective Marks.
12   54.    Upon information and belief, Defendants' unlawful actions began long
13   after Plaintiffs' Respective Marks became famous.
14   55.    Upon information and belief, Defendants acted knowingly, deliberately
15   and willfully with the intent to trade on the reputation of the Coach and Chrome Hearts
16   brands, and to dilute Plaintiffs' Respective Marks.  Defendants' conduct is willful,
17   wanton, and egregious.
18   56.    Plaintiffs have no adequate remedy at law to compensate them fully for
19   the damages that have been caused and which will continue to be caused by
20   Defendants' unlawful acts unless they are enjoined by this Court.
21   57.    In light of the foregoing, Plaintiffs are entitled to injunctive relief
22   prohibiting Defendants from using Plaintiffs' Respective Marks or any marks identical
23   and/or confusingly similar thereto for any purpose, and to recover all damages,
24   including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains,
25   profits and advantages obtained by Defendants as a result of their infringing acts
26   alleged above in an amount not yet known, as well as the costs of this action.
27   / / /
28   / / /

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Cal. & Bus. Prof. Code)

58.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

59.    As a result of Plaintiff's trademarks' substantial inherent and acquired distinctiveness, extensive use in the state of California, and the extensive advertising and publicity of the marks in the state of California, Plaintiffs' Respective Marks have become strong and are widely renown.

60.    The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiff's trademarks which are famous.

61.    The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14247 of the California Business and Professions Code.

62.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

63.    By reason of the foregoing, Plaintiff is being damaged by Defendants' unauthorized and illegal use of Plaintiff's trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using any of Plaintiff's trademarks.

64.    Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

65.    Plaintiff has no adequate remedy at law.

66.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks or any marks identical and/or confusingly similar thereto for any purpose, destruction of the counterfeit merchandise, and to recover up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## FIFTH CLAIM FOR RELIEF
### (Copyright Infringement)

67.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68.     As the owner of copyright registration for the CH Plus Mark (U.S. Copyright Reg. No. VA 705-233), Plaintiff Chrome Hearts is entitled to exclusive use of the CH Plus Mark without the unauthorized use by third parties.

69.     Given the widespread popularity of the CH Plus Mark, Defendants had access to the work and upon information and belief Defendants have knowingly infringed upon it by manufacturing, distributing and selling products bearing marks which are substantially similar to the CH Plus Mark, in violation of 17 U.S.C. § 501.

70.     Upon information and belief, Defendants have intentionally, knowingly and willfully copied Chrome Hearts' CH Plus Mark to benefit from the widespread customer recognition and acceptance of the CH Plus Mark and to capitalize upon the market created by Plaintiff Chrome Hearts for its designs.

71.     Upon information and belief, the aforesaid infringement by Defendants of Plaintiff Chrome Hearts' CH Plus Mark was and continues to be with the knowledge that such design is copyrighted and the Defendants, in doing the acts complained of herein, have willfully infringed upon Chrome Hearts' rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

72.     Defendants' infringement of Chrome Hearts' CH Plus Mark is to the great and irreparable damage of Plaintiff, and Plaintiff is informed and believes, as

1  indicated, that Defendants will continue such infringement unless enjoined by this

2  Court.

3        73.    Plaintiff Chrome Hearts has no adequate remedy at law.

4        74.    In light of the foregoing, Plaintiff Chrome Hearts is entitled to injunctive

5  relief prohibiting Defendants from using the CH Plus Mark or any designs identical

6  and/or substantially similar thereto for any purpose, and to recover from Defendants all

7  damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain

8  as a result of such infringing acts, and all gains, profits and advantages obtained by

9  Defendants as a result thereof, in an amount not yet known, as well as the costs of this

10  action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant

11  to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

12  ## SIXTH CLAIM FOR RELIEF

13  ### (Common Law Unfair Competition)

14        75.    Plaintiffs incorporate herein by reference the averments of the preceding

15  paragraphs as though fully set forth herein.

16        76.    Plaintiffs own and enjoy common law trademark rights to the Signature

17  "C" Mark and CH Plus Mark in California and throughout the United States.

18        77.    Defendants' unlawful acts in appropriating rights in Plaintiffs' Respective

19  Marks were intended to capitalize on Plaintiffs' goodwill associated therewith for

20  Defendants' own pecuniary gain. Plaintiffs have expended substantial time, resources

21  and effort to obtain an excellent reputation for their respective brands. As a result of

22  Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from

23  property rights that rightfully belong to Plaintiffs.

24        78.    Defendants' unauthorized use of Plaintiffs' Respective Marks has caused

25  and is likely to cause confusion as to the source of Defendants' products, all to the

26  detriment of Plaintiffs.

27        79.    Defendants' acts are willful, deliberate, and intended to confuse the public

28  and to injure Plaintiffs.

80.   Defendants' acts constitute unfair competition under California common law.

81.   Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

82.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

83.   Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

84.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of them infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1.   Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Plaintiffs' Respective Marks, or any other mark confusingly similar thereto;

     (b)     engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiffs;

     (c)     engaging in any other activity that will dilute the distinctiveness of Plaintiffs' Respective Marks;

     (d)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

2.    Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiffs for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

3.    Ordering Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

5.    Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6.    Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

7.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

1     8.    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c);

2     9.    Awarding Plaintiff Chrome Hearts, LLC damages pursuant to 17 U.S.C. §

3  504 as a result of Defendants' infringement of the CH Plus Mark (U.S. Copyright Reg.

4  No. VA 705-233);

5     10.    Such other relief as may be just and proper.

7  Dated:     October 22, 2010     BLAKELY LAW GROUP

9                    By: _____

10                        Brent H. Blakely
                           Cindy Chan
11                        *Attorneys for Plaintiffs Coach, Inc., Coach Services, Inc., and Chrome Hearts, LLC*

13               **<u>DEMAND FOR JURY TRIAL</u>**

14     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

15  demand a trial by jury as to all claims in this litigation.

17  Dated:     October 22, 2010     BLAKELY LAW GROUP

19                    By: _____

20                        Brent H. Blakely
                           Cindy Chan
21                        *Attorneys for Plaintiffs Coach, Inc., Coach Services, Inc., and Chrome Hearts, LLC*

COMPLAINT FOR DAMAGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Coach, Inc.<br>Coach Services, Inc.<br>Chrome Hearts, LLC | DEFENDANTS<br>Jay-Y Enterprise Co., Inc.<br>James Chen |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>BLAKELY LAW GROUP<br>915 North Citrus Avenue<br>Los Angeles, California 90038 T: (323) 464-7400 | Attorneys (If Known) |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ $100,000+

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement Under Lanham Act

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: _____   CV10 7984

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Chrome Hearts, LLC- Los Angeles | Coach, Inc.- Maryland<br>Coach Services, Inc.-Florida |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants- Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note: In land condemnation cases, use the location of the tract of land involved**

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/22/2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 7984 PA (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
915 North Citrus Avenue
Los Angeles. California 90038

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation;<br>COACH SERVICES, INC., a Maryland Corporation;<br>CHROME HEARTS, LLC, a Delaware Limited Liability<br>Company,<br>                                PLAINTIFF(S)<br><br>           v.<br><br>JAY-Y ENTERPRISE CO., INC., a California<br>Corporation; JAMES CHEN, an individual; and DOES<br>1-10, inclusive,<br>                             DEFENDANT(S). | CASE NUMBER<br><br>CV10 7984 PA PJWx<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): Jay-Y Enterprise Co., Inc., James Chen

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __BLAKELY LAW GROUP__, whose address is __915 N. Citrus Avenue, Hollywood, CA 90038__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                         Clerk, U.S. District Court

Dated: __10/22/2010__

By: _____
                  **CHRISTOPHER POWERS**
                      Deputy Clerk      SEAL

                      *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*