1  Brent H. Blakely (SBN 157292)                                         JS-6
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 COACH INC., a Maryland corporation;  ) CASE NO. CV 10-7984 PA (PJWx)
   COACH SERVICES, INC., a Maryland     )
12 corporation; CHROME HEARTS LLC, a    ) **ORDER GRANTING CONSENT**
   Delaware Limited Liability Company,  ) **JUDGMENT INCLUDING A**
13                                       ) **PERMANENT INJUNCTION AND**
                   Plaintiff,            ) **VOLUNTARY DISMISSAL OF**
14        vs.                            ) **ACTION WITH PREJUDICE**
                                         )
15 JAY-Y ENTERPRISE CO., INC., a        )
   California corporation; JAMES CHEN,   )
16 an individual; and DOES 1-10, inclusive, )
                                         )
17                 Defendants.           )
                                         )
18                                       )

19        WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and

20 Defendants Jay-Y Enterprise Co., Inc. and James Chen (collectively "Defendants")

21 have entered into a Settlement Agreement and Mutual Release as to the claims in the

22 above referenced matter.  Defendants, having agreed to consent to the below terms, it

23 is hereby:

24        **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

25        1.    This Court has jurisdiction over the parties to this Final Judgment and has

26 jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

27        2.    Coach is the worldwide owner of the trademark "COACH" and various

28 composite trademarks and assorted design components (collectively "Coach Marks").

Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" Mark (see below).  Coach has used the Signature "C" Mark in association with the sale of goods since as early as 2001.  The Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002. Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg. Nos. 2,832,589; 3,695,290; and 2,534,429



3.     Chrome Hearts, LLC is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").  Amongst the Chrome Hearts Marks, the CH Plus Mark (which include but are not limited to U.S. Trademark Reg. Nos. 3,731,400; 3,365,408; 3,385,449; and 3,388, 911) is one of the most well recognized and serve as instant source identifier for Chrome Hearts' products.  The CH Plus Mark is also registered with the U.S. Copyright Office (U.S. Copyright Reg. No. VA 705-233)



4.     Plaintiffs have alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products which infringe upon Coach's Signature "C" Mark and Chrome Hearts' CH Plus Mark constitute trademark infringement, trademark dilution, copyright infringement, and unfair competition under the Lanham Trademark Act, the Copyright Act, and under the common law.

5.     Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon Coach's

1  Signature "C" Mark and Chrome Hearts' CH Plus Mark ("Plaintiffs' Respective

2  Marks") either directly or contributorily in any manner, including:

3       (a)    manufacturing, importing, distributing, advertising, selling and/or

4  offering for sale any products bearing the marks/designs depicted on the eyewear

5  (regardless of colors) shown below and/or any products bearing Plaintiffs' Respective

6  Marks, or marks confusingly similar or substantially similar thereto ("Accused

7  Products");

 

 

18       (b)    Using Plaintiffs' Respective Marks or any reproduction,

19  counterfeit, copy or colorable imitation thereof in connection with the manufacture,

20  importation, distribution, advertisement, offer for sale and/or sale of merchandise

21  comprising not the genuine products of Plaintiffs, or in any manner likely to cause

22  others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs'

23  genuine merchandise;

24       (c)    Shipping, delivering, holding for sale, distributing, returning,

25  transferring or otherwise moving, storing or disposing of in any manner Infringing

26  Products except as provided under the parties Settlement Agreement;

27       (d)    Manufacturing, importing, purchasing, producing, distributing,

28  circulating, selling, offering for sale, importing, exporting, advertising, promoting,

displaying, shipping or marketing goods bearing a mark or feature identical and/or confusingly similar to Plaintiffs' Respective Marks, service marks, trade names, logos and/or copyrighted works;

(e)     Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiffs' genuine merchandise or associated with Plaintiffs in any way;

(f)     Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(e) above.

6.     Plaintiffs and Defendants shall bear their own costs and attorneys' fees associated with this action.

7.     The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

8.     Except to the extent relief is granted on Plaintiffs' Complaint through the entry of this Final Judgment,  Plaintiffs' Complaint is dismissed with prejudice.

9.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED:  August 15, 2011

_____

Hon. Percy Anderson
**United States District Judge**

[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE